10-CV-00253-APP



EA32434 NO Summons Issued

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICKS & LEWIS PLLC, a Washington professional limited liability company,

Petitioner,

vs.

GEORGE CLINTON, an individual,

Respondent.

Case No. C10-0253 JCC

PETITION FOR AN ORDER CONFIRMING ARBITRATION AWARD AND FOR JUDGMENT THEREON

NOTE ON MOTION CALENDAR: April 9, 2010

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), Petitioner Hendricks & Lewis PLLC ("Petitioner" or "Hendricks & Lewis") hereby petitions the Court for an order confirming the Partial Award and Final Award dated, respectively, December 9, 2009, and February 4, 2010, in the arbitration proceeding between Hendricks & Lewis and Respondent George Clinton ("Respondent" or "Mr. Clinton") before the American Arbitration Association ("AAA"), Case No. 75-194-Y-000102-09, and for entry of judgment thereon.

## I. FACTS.

### A. Background Facts.

Hendricks & Lewis—a Washington professional limited liability company—is a law firm based in Seattle, Washington whose members are all Washington residents. (Declaration of Katherine Hendricks in Support of Petitioner's Petition for Order Confirming Arbitration Award and For Judgment Thereon ("Hendricks Decl.") ¶ 3.) Mr. Clinton is a renowned recording artist, composer and producer who, upon information and belief, is currently, and at the time of the



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

underlying arbitration proceeding was, a resident of Florida. (Hendricks Decl. ¶¶ 4, 16, Exh. 11 (¶ 19).)

Hendricks & Lewis provided legal services to Mr. Clinton pursuant to a written fee agreement that Mr. Clinton signed in Hendricks & Lewis' Seattle office on May 25, 2005. (Hendricks Decl. ¶ 5, Exh. 1.) The fee agreement signed by Mr. Clinton provided for binding arbitration of disputes with the AAA:

> Both you [Mr. Clinton] and our firm [Hendricks & Lewis] agree that if any dispute should arise between you and us regarding the amount of the fees or costs due to us under the terms of this agreement, the exclusive means of resolving the dispute shall be by submission to binding arbitration with the American Arbitration Association. If this becomes necessary, the non-prevailing party shall be responsible for paying the reasonable fees and costs incurred by the prevailing party in the arbitration proceedings and in any related judicial enforcement proceedings. Both you and we agree that the results of the arbitration shall be final.

(Hendricks Decl. ¶ 5, Exh. 1.)

Hendricks & Lewis represented Mr. Clinton in numerous transactional and litigation matters for more than three years until it resigned in August 2008. (Hendricks Decl. ¶ 16, Exh. 11 (¶¶ 3, 7-8, 32-78).) With regard to the litigation matters, Hendricks & Lewis provided legal services to Mr. Clinton in the following cases pending in state or federal courts in Michigan, Tennessee, Florida and California: (i) *Boladian, et al. v. Clinton, et al.*, Case No. 96-7197-CK (Mich. Cir. Ct.) and Case No. 277314 (Mich. Ct. App.); (ii) three related cases in the United States District Court for the Middle District of Tennessee sometimes referred to as *The Bridgeport Litigation* (Case Nos. 3:01-0758, 3:01-0991, 3:01-0992); (iii) *Montes v. Kaplan, Kenegos & Kadin, et al.*, CV03-8955 R (C.D. Cal.); (iv) *St. Paul Fire & Marine Ins. Co. v. The Dog in Me, Inc.*, Case No. 2005 CA 002673 (Fla. Cir. Ct.); (v) *Clinton v. Capitol Records, Inc.*, Case No. CV06-7484 FMC (AJWx) (C.D. Cal.); (vi) *Clinton v. Capitol Records, Inc., et al.*, CV06-8106 R (SHx) (C.D. Cal.); (vii) *Clinton v. Universal Music Group, Inc., et al.*, CV07-00672 PSG (JWJx) (C.D. Cal.); and (viii) *Celious v. C Kunspyruhzy, LLC, et al.*, Case No. BC374009 (Cal. Super. Ct.).[1] (Hendricks Decl. ¶ 16, Exh. 11 (¶¶ 33-65).) A number of these

[1] Additional information regarding these cases can be found in the Declaration of Claimant's Witness O. Yale



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

cases—as well as the transactional matters in which Hendricks & Lewis represented Mr. Clinton—involved or implicated federal copyright issues. (Hendricks Decl. ¶ 16, Exh. 11 (¶¶ 32-78).)

**B. The Arbitration.**

When Hendricks & Lewis resigned in August 2008, Mr. Clinton was indebted to it for more than $1.5 million in unpaid attorneys' fees and costs. Therefore, pursuant to the parties' agreement to submit disputes to binding arbitration, Hendricks & Lewis filed an initial demand for arbitration with the AAA on March 3, 2009.[2] (Hendricks Decl. ¶ 6, Exh. 2.) Consistent with AAA rules and procedures, the arbitration demand was served on Mr. Clinton by email on March 3, 2009, and by U.S. mail to his last known address in Tallahassee, Florida. (Hendricks Decl. ¶ 6, Exh. 3.) It was also served on Darlene Strickland, whom Mr. Clinton had previously designated as his representative for purposes of discussions with Hendricks & Lewis about his outstanding debt. (Hendricks Decl. ¶ 6, Exh. 3.) The initial arbitration demand requested that Seattle be the hearing locale for the arbitration, which request was granted and the hearing was ultimately scheduled for November 2009 at the AAA's Seattle office. (Hendricks Decl. ¶ 6, Exh. 2, ¶ 9, Exh. 5.) Mr. Clinton did not file a response to the arbitration demand but under AAA rules he was deemed to deny the claim. (Hendricks Decl. ¶ 17, Exh. 12.)

Consistent with AAA rules and procedure, a three-arbitrator panel composed of Philip Cutler, Bruce O'Connor and Michael Sandler ("the Panel")—all of whom are located within the Western District of Washington—was appointed to hear the matter designated as Case No. 75-194-Y-000102-09. (Hendricks Decl. ¶ 8.) The Panel held three telephonic preliminary hearings,[3] two of which were attended by representatives of Mr. Clinton, including two

---

Lewis, Jr., attached to the declaration of Katherine Hendricks, submitted with this Petition. (Hendricks Decl. ¶ 16, Exh. 11 (¶¶ 33-65).)

[2] Hendricks & Lewis subsequently filed and served an amended statement of claims that identified the specific claims it was proceeding on, including claims for breach of contract and for unjust enrichment and recovery *quantum meruit*. (Hendricks Decl. ¶ 7, Exh. 4.)

[3] The first preliminary hearing was rescheduled when neither Mr. Clinton nor any representative of Mr. Clinton attended. (Hendricks Decl. ¶ 11, Exh. 6 (n.1).)



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

attorneys, all of whom stated that they had no authority to speak for Mr. Clinton and none of whom entered an appearance in the arbitration proceeding on behalf of Mr. Clinton. (Hendricks Decl. ¶ 12, Exh. 7 (n.1), ¶ 13, Exh. 8 (n.1).)

The oral hearing on the merits[4] took place on November 11, 2009, in Seattle, Washington with Hendricks & Lewis and its representatives and the Panel in attendance; neither Mr. Clinton nor any representative of Mr. Clinton attended or participated in the hearing.[5] (Hendricks Decl. ¶ 18, Exh. 13 (n.1).) The Panel heard testimony from Hendricks & Lewis' witnesses, questioned the witnesses and admitted hearing exhibits 1 through 60 and Hendricks & Lewis' witness declarations into evidence. (Hendricks Decl. ¶ 18, Exh. 13 (n.1).) Following Hendricks & Lewis' submission of written closing argument and additional briefing requested by the Panel, the Panel issued a Partial Award dated December 9, 2009, awarding $1,519,712.74 in favor of Hendricks & Lewis against Mr. Clinton on the breach of contract and unjust enrichment and recovery *quantum meruit* claims. (Hendricks Decl. ¶ 18, Exh. 13.) The Panel also found that Hendricks & Lewis was the prevailing party in the arbitration and set forth a briefing schedule for it to submit its request for an award of its attorneys' fees and costs of the arbitration. (Hendricks Decl. ¶ 18, Exh. 13.) The Partial Award further stated that it was "in full settlement of all claims, howsoever denominated and by whomever made, submitted to this arbitration involving claimant and respondent, ***except*** for claims for fees, costs and other relief addressed above." (Hendricks Decl. ¶ 18, Exh. 13 (p. 5).)

Hendricks & Lewis timely filed and served its petition for fees and costs; Mr. Clinton did not file a response. (Hendricks Decl. ¶ 19.) Thereafter, the Panel issued a Final Award dated

[4] The Panel had previously granted Hendricks & Lewis' unopposed request for a "documents only" hearing with provision for live testimony upon the request of any party and/or the Panel. (Hendricks Decl. ¶ 14, Exh. 9.) The Panel requested live testimony from Hendricks & Lewis' witnesses Yale Lewis and Stuart R. Dunwoody. (Hendricks Decl. ¶ 14.)

[5] An attorney representing Mr. Clinton did appear by telephone the morning of the hearing on the merits to argue Mr. Clinton's motion to postpone the hearing, which was filed less than 48 hours before the start of the hearing. (Hendricks Decl. ¶ 15, Exh. 10.) Although Mr. Clinton's attorney had filed a general appearance with the AAA, he later represented that he was only appearing on Mr. Clinton's behalf for purposes of the motion to postpone and, although he was invited to stay on the phone for the hearing on the merits after Mr. Clinton's delaying motion was denied, he declined and ended the call. (Hendricks Decl. ¶ 15, Exh. 10.)



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

February 4, 2010, restating the award of $1,519,712.74 in favor of Hendricks & Lewis on the merits of the claims and additionally awarding Hendricks & Lewis a total of $155,927.08 in attorneys' fees and costs of the arbitration as the prevailing party. (Hendricks Decl. ¶ 20, Exh. 14.) In addition, in its Final Award, the Panel awarded interest to Hendricks & Lewis on all sums awarded that remained unpaid 30 days after entry of the Final Award and ordered that the interest "shall be at such rate per annum as the court confirming [the] Final Award may order." (Hendricks Decl. ¶ 20, Exh. 14 at p. 4.) Since the dates of the Partial Award and the Final Award, there have been no payments made by or on behalf of Mr. Clinton in satisfaction of the award or any part thereof.

## II. ARGUMENT.

### A. Jurisdiction.

The FAA applies if a contract concerns a transaction involving interstate commerce. *Volt Info. Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 476, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989). Indeed, "the strong default presumption is that the FAA, not state law, supplies the rules for arbitration." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002). The FAA itself does not create federal jurisdiction; rather, there must be an independent basis such as diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1021 (9th Cir. 1991); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981).

The arbitration award that is the subject of this Petition clearly arises from a contract relating to and evidencing transactions in interstate commerce as defined by the FAA. *See* 9 U.S.C. § 1. The transactions provided to Mr. Clinton under the fee agreement that underlay the arbitration proceeding were legal representation in commerce in that the legal services included services provided in Washington in litigation pending in other states including Michigan, Tennessee, Florida and California, as well as advice and representation in connection with federal copyright matters. (Hendricks Decl. ¶ 16, Exh. 11 (¶¶ 32-78).) Therefore, the FAA applies to this arbitration award.



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

Furthermore, diversity jurisdiction provides an independent basis for jurisdiction. Hendricks & Lewis is a Washington professional limited liability company whose members are all Washington residents. (Hendricks Decl. ¶ 3.) Upon information and belief, Mr. Clinton is presently, and was at all times throughout the underlying arbitration proceeding, a resident of Florida. (Hendricks Decl. ¶ 4.) The arbitration award in favor of Hendricks & Lewis that it now seeks to have confirmed by the Court totals $1,519,712.74, exclusive of attorneys' fees and costs of the arbitration proceeding and interest. (Hendricks Decl. ¶ 18, Exh. 13.) Therefore, this Court has diversity jurisdiction of this matter under 28 U.S.C. § 1332(a), as it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**B. Venue.**

Section 9 of the FAA governs venue for confirmation of arbitration awards. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 197, 120 S. Ct. 1331, 146 L. Ed. 2d 171 (2000). Pursuant to the FAA, if the parties' arbitration agreement does not specify the court in which to apply for an order confirming the arbitration award, "then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

Here, the arbitration agreement between Hendricks & Lewis and Mr. Clinton did not specify the location for the arbitration or the court that would hear an application to confirm the arbitration award. (Hendricks Decl. ¶ 5, Exh. 1.) Nevertheless, venue in this District is proper under Section 9 of the FAA because the arbitration was conducted in Seattle, Washington before a panel of arbitrators all of whom were located within this District and therefore the arbitration award which Petitioner seeks to have confirmed was made in this District.[6]

[6] Venue is also appropriate in this District pursuant to the general venue statute, 28 U.S.C. § 1391(a), because "a substantial part of the events or omissions giving rise to the claim occurred" in this District. The agreement for legal services between Hendricks & Lewis and Mr. Clinton, which contained the agreement to arbitrate, was entered into in Seattle. Both parties to the agreement and to the arbitration signed the agreement in Hendricks & Lewis' office in Seattle. (Hendricks Decl. ¶ 5, Exh. 1.) The agreement was performed in part in Seattle. Most importantly, the arbitration was conducted in Seattle, with the hearing on the merits taking place in Seattle before arbitrators located in this District. (Hendricks Decl. ¶ 9, Exh. 5.)



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

### C. The Arbitration Award Must Be Confirmed and Judgment Entered Thereon.

The FAA was passed to overcome judicial resistance to arbitration and affords "extremely limited review authority" to the federal courts over arbitration awards. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006); *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). "Broad judicial review of arbitration decisions could well jeopardize the very benefits of arbitration, rendering informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process." *Kyocera*, 341 F.3d at 998; *see also Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998) (noting that "the scope of review of an arbitrator's valuation decision is among the narrowest known at law" because of the concern that full scrutiny would frustrate the purpose of arbitration). Thus, the FAA embodies a strong presumption in favor of enforcing arbitration awards. *See, e.g., Brentwood Med. Associates v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005); *Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990). "[I]f a party seeks a judicial order confirming an arbitration award, 'the court ***must*** grant such an order unless the award is vacated, modified, or corrected'" under the limited grounds set forth in Sections 10 and 11 of the FAA.[7] *Kyocera*, 341 F.3d at 997 (quoting 9 U.S.C. § 9) (emphasis added). Indeed, under the FAA, "confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law.'" *French v. Merrill Lynch,*

---

[7] And the fact that Mr. Clinton made an apparently conscious choice not to participate in the underlying arbitration proceeding has no bearing on Petitioner's right to have the resulting arbitration award confirmed by the Court. Mr. Clinton indisputably received ample notice of the arbitration proceeding—reflected most particularly in the attendance of multiple representatives, including two attorneys, of Mr. Clinton at two of the preliminary hearings—and yet despite this notice chose to take no action with respect to the proceeding until less than 48 hours before the start of the hearing. Courts have recognized that such willful absence from the arbitration hearing may not upset the arbitration award. *See, e.g., Kirby Morgan Dive Systems v. Hydrospace Ltd.*, No. CV 09-4934 PSG (FFMx), 2010 WL 234791, at *6 (C.D. Cal. Jan. 13, 2010) (stating that a party's "refusal to participate in the arbitration does not undermine this Court's authority to enforce the award against him") (citing *Wilber v. Print Shack, Inc.*, No. 88-15750, 1990 WL 15467 (9th Cir. Feb. 21, 1990)). *See also Indus. Prof'l & Technical Workers Int'l Union v. Worldtec Group Int'l*, No. 99-05364 CM (BQRX), 1999 WL 1426097, at *2-3 (C.D. Cal. Aug. 3, 1999) (rejecting argument, in context of labor dispute, that *ex parte* arbitration hearing constituted denial of fundamental due process based on party's willful decision not to appear at the hearing, noting that allowing such an argument would destroy any incentive to negotiate labor disputes). In addition, the AAA rules—which were incorporated into the parties' arbitration agreement—specify that the arbitration "may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement." (Hendricks Decl. ¶ 17, Exh. 12 (R-29).)



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

*Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (quoting *Am. Postal Workers Union, AFL-CIO v. United States Postal Serv.*, 682 F.2d 1280, 1285 (9th Cir. 1982)); *see also Kyocera*, 341 F.3d at 994 (neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of arbitration awards).

Section 9 of the FAA governs judicial confirmation of arbitration awards and provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made *any party to the arbitration may apply to the court* so specified *for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title*. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and or the district within which such award was made.

9 U.S.C. § 9 (emphasis added). As stated in the statute, Sections 10 and 11 of the FAA govern when a District Court can vacate, modify or correct an arbitration award. *See* 9 U.S.C. §§ 10, 11. Section 6 of the FAA in turn provides that an application to confirm the arbitration award "shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6.

Here, the fee agreement between Hendricks & Lewis and Mr. Clinton—which included the agreement to submit disputes to binding arbitration—did not expressly provide for judicial confirmation of the award or specify the court to confirm the award. The agreement did, however, provide that the arbitration would be with the AAA whose rules specify that the parties to the arbitration are deemed to have consented to judicial confirmation of the arbitration award. (Hendricks Decl. ¶ 5, Exh. 1.) Specifically, R-48(c) of the AAA's Commercial Arbitration Rules provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." (Hendricks Decl. ¶ 17, Exh. 12.) In addition, the fee agreement stated that the arbitration would be "binding" and "final." (Hendricks Decl. ¶ 5, Exh. 1.) Courts have found such finality language in arbitration agreements as well as agreements to be bound by arbitration rules providing for judicial confirmation of arbitration awards to be sufficient



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

evidence of an agreement to judicial confirmation of awards even absent explicit "consent-to-confirmation" language. *See, e.g., Daihatsu Motor Co., Ltd. v. Terrain Vehicles, Inc.*, 13 F.3d 196, 201-03 (7th Cir. 1993) (finding in part that language stating that disputes would be "finally settled by arbitration" and that arbitration would be with the AAA satisfied the "consent-to-confirmation" requirement of Section 9); *Rainwater v. Nat'l Home Ins. Co.*, 944 F.2d 190, 194 (4th Cir. 1991) (noting that "parties are on notice . . . that resort to AAA arbitration will be deemed both binding and subject to entry of judgment unless the parties expressly stipulate to the contrary"); *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1273 (7th Cir. 1976) (concluding that, based on incorporation of AAA rules, the parties were "deemed to have consented to entry of judgment on any arbitration award"). *See also The Home Ins. Co. v. RHA/Penn. Nursing Homes, Inc.*, 127 F. Supp. 2d 482, 485 (S.D.N.Y. 2001) (concluding that where the arbitration clause contained finality language and the contracting parties were of diverse citizenship, the parties "implicitly agreed to the entry of judgment on any arbitration award and that such a judgment might be sought in federal court"). Moreover, the Panel's Final Award is consistent with an understanding that the award would be subject to confirmation by a court in that it states that interest on the amounts awarded would be "at such rate per annum as the court confirming this Final Award may order." (Hendricks Decl. ¶ 20, Exh. 14 at p. 4.) Thus, where, as here, the parties agreed both that the arbitration would be "binding" and "final" and to be bound by the AAA rules, the arbitration award is subject to confirmation under Section 9 of the FAA.

As a general matter, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of court[.]'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)); *see also Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 1400, 170 L. Ed. 2d 254 (2008) (noting that the FAA provides for "expedited judicial review" to confirm arbitration awards and an application for such an order "will get streamlined treatment as a motion"); *Booth*, 902 F.2d at 932 (confirmation is "intended



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

to be summary in nature"); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the [FAA]."). And, in the absence of a legal basis to correct, vacate or modify the award under the limited grounds in the FAA, the "court has no discretion but to confirm the award." *Int'l Thunderbird Gaming Corp. v. United Mexican States*, 473 F. Supp. 2d 80, 83 (D.D.C. 2007), *aff'd*, 255 Fed. Appx. 531, 2007 WL 4165398 (D.C. Cir. 2007); *see also Hall Street Associates*, 128 S. Ct. at 1402 ("Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.").

In this case, as discussed above, the parties agreed in their fee agreement that the arbitration would be "binding" and "final" and are deemed to have consented to the confirmation of the award by a court with jurisdiction. The award has not been corrected, vacated or modified under the exceedingly limited grounds of the FAA—nor is there a legal basis to do so. And Hendricks & Lewis' Petition is timely under the FAA, in that it was brought well within one year after the arbitration award was made. As a necessary consequence, Hendricks & Lewis' Petition for an order confirming the arbitration award must be granted and judgment entered thereon.

**D. Hendricks & Lewis is Entitled to Interest on the Arbitration Award.**

In its Final Award, the Panel awarded interest to Hendricks & Lewis on all sums awarded it in the Final Award at the rate per annum set by the Court confirming the award. (Hendricks Decl. ¶ 20, Exh. 14 at p. 4.) Hendricks & Lewis, therefore, is also entitled to interest on the total amount awarded to it in the Final Award, namely, $1,675,639.82, from the date of entry of the Final Award.[8]

The general rule in diversity actions is that "state law determines the rate of prejudgment interest, and post-judgment interest is governed by federal law." *AT&T Co. v. United Computer Systems, Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996); *see also Northrop Corp. v. Triad Int'l Mktg.*

[8] The Final Award specified that the date of entry of the Final Award is the date on which the AAA transmitted the award to the parties, which was February 5, 2010. (Hendricks Decl. ¶ 20, Exh. 14.) Therefore, interest on the Final Award of $1,675,639.82 should run from 30 days after February 5, 2010.



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

*S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). Pursuant to federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The rate of the interest is to be calculated as specified in 28 U.S.C. § 1961(a).[9] Thus, the judgment rate of interest should apply to the judgment entered.

**E. Hendricks & Lewis Should Be Awarded its Reasonable Attorneys' Fees and Costs of this Proceeding.**

**1. As the Prevailing Party, Hendricks & Lewis is Entitled to its Reasonable Attorneys' Fees and Costs.**

Under Washington law, applicable to the parties' agreement, attorneys' fees shall be awarded only where there is a contractual, statutory or recognized equitable basis. *Riss v. Angel*, 80 Wn. App. 553, 563 (1996), *aff'd*, 131 Wn.2d 612 (1997). Thus, in an action on a contract containing a fee-shifting provision, reasonable attorneys' fees shall be awarded to the prevailing party. *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 140 (2007), *review denied*, 162 Wn.2d 1022 (2008); *Metro. Mortgage & Sec. Co. v. Becker*, 64 Wn. App. 626, 632 (1992). RCW 4.84.330 provides:

> In any action on a contract . . . entered into after September 21, 1977, where such contract . . . specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract . . . , shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract . . . or not, ***shall be*** entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
>
> . . . .
>
> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

(Emphasis added.) *See also Riss*, 80 Wn. App. at 563-64 ("Where a contract provides for such fees, RCW 4.84.330 requires that the court award them to the prevailing party.").

The statutory language of RCW 4.84.330 is mandatory; there is no discretion as to whether to award fees to the prevailing party, only as to the amount of the award. *Singleton v.*

[9] Specifically, the statute provides for interest to be calculated as follows:

> [I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment.

28 U.S.C. § 1961(a) (footnote omitted).



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

*Frost*, 108 Wn.2d 723, 727 (1987) (holding that there is "discretion regarding the amount of attorney's fees which are reasonable, but that where a contract provides for an award of reasonable attorney's fees to the prevailing party, such an award must be made"); *CHD*, 138 Wn. App. at 140.

Washington courts have held that it is appropriate to award reasonable attorneys' fees to a prevailing party represented by in-house counsel as well as to counsel who has represented himself or herself in the relevant proceeding. *See, e.g., Metro. Mortgage*, 64 Wn. App. at 632 (concluding that attorneys' fees were appropriately awarded to a party represented by in-house counsel); *Leen v. Demopolis*, 62 Wn. App. 473, 487 (1991) (concluding that attorneys' fees were appropriately awarded to an attorney representing himself on appeal). In *Leen*, the court explained:

> The better reasoning supports an award of attorney fees to lawyers who represent themselves. As reasoned in the *Winer* [*v. Jonal Corp.*, 169 Mont. 247, 545 P.2d 1094 (1976)] case, lawyers who represent themselves must take time from their practices to prepare and appear as would any other lawyer. Furthermore, overall costs may be saved because lawyers who represent themselves are more likely to be familiar with the facts of their cases.

*Leen*, 62 Wn. App. at 486-87. Washington courts have reiterated this rule on several occasions since *Leen*. *See, e.g., Lint v. Schloredt*, No. 43444-6-I, 2000 WL 703783, at *6 (Wash. Ct. App. May 30, 2000) (stating that "Leen is the controlling case and we will not adopt a contrary view" in connection with attorneys' fees award to attorney who represented himself); *Ibarra v. Mount*, No. 37383-8-I, 1998 WL 440914, at *9 (Wash. Ct. App. Aug. 3, 1998) ("This court has explained that lawyers who incur fees representing themselves should be awarded attorney fees where fees are otherwise justified because they must take time from their practices to prepare and appear as any other lawyer would."); *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 131 (1993) (acknowledging rule in Washington that attorneys' fees may be awarded to lawyers who represent themselves but concluding that trial court appropriately denied request for fees in exercising its discretion in setting the amount of the award in light of the facts of the case).

As quoted above at page 2, the attorney fee agreement between Petitioner and Respondent provides that the non-prevailing party shall be responsible for paying the reasonable



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

fees and costs incurred by the prevailing party in the arbitration proceedings and also "***in any related judicial enforcement proceedings***." (Hendricks Decl. ¶ 5, Exh. 1 (emphasis added).) As the Panel concluded in the Partial Award, Hendricks & Lewis was the prevailing party in the arbitration proceeding and subsequently awarded it reasonable attorneys' fees and costs; similarly, upon confirmation of the arbitration award, Hendricks & Lewis will be the prevailing party and should be awarded its reasonable attorneys' fees and costs incurred in connection with this confirmation proceeding.

**2. Calculation of Hendricks & Lewis' Reasonable Attorneys' Fees.**

The appropriate method for determining the fees to be awarded to Hendricks & Lewis is the "lodestar method," which sets fees by multiplying a reasonable hourly rate by the reasonable number of hours spent on the matter to arrive at the lodestar fee. *Singleton*, 108 Wn.2d at 733; *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597 (1983); *Crest Inc. v. Costco Wholesale Corp.*, 128 Wn. App. 760, 773 (2005). The lodestar fee may then be adjusted up or down based on other external factors such as the difficulty of the problem, the lawyer's skill and experience, the amount involved in the case, and the quality of the work performed. *Singleton*, 108 Wn.2d at 733; *Bowers*, 100 Wn.2d at 597-99; *Crest*, 128 Wn. App. at 773, 774 n.17.

With this Petition, Hendricks & Lewis has provided detailed documentation of the legal fees incurred in connection with the preparation of this Petition and accompanying papers, as well as an estimate of fees to be incurred in preparing a reply in support of the Petition, that it seeks to recover as the prevailing party. (Hendricks Decl. ¶¶ 21-22, Exh. 15.) This documentation reasonably informs the Court of the type of work performed, the number of hours worked and the identity of the individuals who performed the work as well as their hourly billing rates. *See Bowers*, 100 Wn.2d at 597 (noting that the "documentation need not be exhaustive or in minute detail" but rather should provide "reasonable documentation of the work performed").

As reflected in this documentation, Hendricks & Lewis has incurred $8,998.50 in attorneys' fees in preparing this Petition and accompanying papers. (Hendricks Decl. ¶ 21, Exh. 15.) If Respondent files an opposing brief, Hendricks & Lewis anticipates expending additional



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

time reviewing and replying to any such opposition and estimates incurring additional fees in the approximate amount of $4,000 in connection with responding to any opposition. (Hendricks Decl. ¶ 22.) Thus, the lodestar fee for this matter would be $12,998.50, consisting of the hours reasonably expended on the preparation and filing of this Petition and accompanying papers and replying to any opposition filed by Respondent.

Consistent with the lodestar method of determining the appropriate attorneys' fee, the hours claimed by Hendricks & Lewis have been limited to hours reasonably expended in preparing and filing the Petition and accompanying papers. *See, e.g., Bowers*, 100 Wn.2d at 597 (lodestar should be limited to hours reasonably expended, discounting "hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time"). The hours claimed do not include unproductive time.

These hours reasonably expended by Hendricks & Lewis were then multiplied by the reasonable hourly rate or rates of compensation. "Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." *Bowers*, 100 Wn.2d at 597. Here, the rates applied by Hendricks & Lewis are their established hourly rates and the rates billed Respondent in the underlying matters in 2008. (Hendricks Decl. ¶ 25.) They are rates that the Panel in the underlying arbitration proceeding has determined to be reasonable, at least insofar as they were the rates used to determine fees owed Hendricks & Lewis *quantum meruit*. (*See* Hendricks Decl. ¶ 18, Exh. 13 at p. 2.)

Although the lodestar fee may be adjusted to reflect factors not considered in the calculation of the lodestar—including the contingent nature of success, and the quality of the work performed—Hendricks & Lewis does not seek an adjustment of the lodestar amount. *See Bowers*, 100 Wn.2d at 598 (burden of justifying a deviation from the lodestar rests on the party proposing the deviation). Rather, Hendricks & Lewis requests a full award of its reasonable attorneys' fees incurred in this proceeding as the prevailing party, which it anticipates will total



HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

$12,998.50. (Hendricks Decl. ¶¶ 21-23, Exh. 15.) In addition, Hendricks & Lewis seeks the costs of this proceeding, to be determined and awarded upon entry of judgment.

## III. CONCLUSION.

For the reasons stated herein, the FAA mandates that the arbitration awards be confirmed and that final judgment be entered in favor of Hendricks & Lewis, as the awards are the final award of an arbitral tribunal in compliance with the requirements of the FAA. Petitioner therefore respectfully requests that the Court issue an order confirming the partial and final arbitration awards and enter judgment in conformity therewith in favor of Hendricks & Lewis in the amount of $1,675,639.82, plus Hendricks & Lewis' reasonable attorneys' fees in this matter in the amount of $12,998.50, for a combined total of $1,688,638.32, with interest thereon.

Dated: February 10, 2010

**HENDRICKS & LEWIS PLLC**

By: [signature]

Katherine Hendricks, WSBA No. 14040
Attorneys for Petitioner
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
Telephone: (206) 624-1933
Facsimile: (206) 583-2716
Email: kh@hllaw.com